TOLEDO (CITY) v. WALLACE C. ANDREWS, TRUSTEE.

1. ACTIONS FOR THE ENFORCEMENTS OF ASSESSMENTS ARE NOT APPEALABLE.

Where the municipal code provides that in the enforcement of assessments, the plaintiff may have a personal judgment against the owner of the property, the party has a right to demand a trial by jury and the action is not appealable.

2. CITY COUNCIL CANNOT ASSESS FOR SEWER CONNECTIONS BEYOND STREET LINE.

In assessment for sewer connections the city council has no authority to make them beyond the line of the street. But to that extent it is authorized, in making a street improvement, and assess the property for such connections, even though the property is used for agricultural purposes and such sewer is not needed to drain the lot; and though there is no necessity for house connections.

APPEAL from the Court of Common Pleas of Lucas county.

HAYNES, J.

This case comes into this court on appeal from the court of common pleas of this county. It appears from the record that steps were taken to improve Collingwood avenue, and that in connection therewith the city council provided for connecting the sewer in said street with certain lots and lands abutting on the street, and such steps were taken that the work was done and completed, and an assessment was made. The objection taken to the assessment is, that the property being, it is claimed, farming property, used only for agricultural purposes, the sewer is not needed for any drainage of the lot itself, and that there is no present necessity for the house connections. It is further claimed that the connections came three feet within the line of the street, whereas, the only authority was to make them to the line of the street. Upon the trial in the court below, the court found in favor of the plaintiff up to the line of the street, and excluded that relative to the three feet in question.

It appears that the property at the time the assessment was made belonged to the defendant, Wallace C. Andrews, as trustee, and that the assessment was made at the time when he was thus the owner, and the prayer is made for a personal judgment against Wallace C. Andrews to the amount of the claim. In the court below a personal judgment was rendered; and we find when we come to examine the pleadings that there has been no change in them, and we are also informed by counsel for defendant that the case stands upon the pleadings in this court the same as they were on the trial in the court below. That being the case, it seems to the court that the action is not one that is appealable to this court. Section 5130, Rev. Stat., provides as follows;

" Issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only," or " specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference is ordered as hereinafter provided.

It is provided in the municipal code with reference to assessments that in the enforcement of this lien the plaintiff may also have a personal judgment against the owner of the property at the time the assessment was made for the amount of the lien. It is very clear to us that that means an action in which the party had a right to demand a jury, and have a jury trial, and that being the case, we think this action is not appealable, and the judgment is that the appeal should be dismissed. And we have come to that conclusion with less reluctance, for the reason that, upon an examination of the facts of the case as submitted to us, and the law of the case, we are strongly inclined to the opinion that the decision of the court below is correct, and the judgment should be rendered for the plaintiff for the amount that was rendered for him in that trial.